UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

Case No. 3:10-bk-647-PMG

FEROZE JINNAH ALI
SHABANA SHAHEENEEN ALI

Individual Chapter 11

Debtor.

_____\\

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
*(Dated February 4, 2011)*

This case was before the Court on February 2, 2012 for the Confirmation Hearing on the Debtor's Chapter 11 Plan (the "Plan"). The Plan under Chapter 11 of the Bankruptcy Code dated February 4, 2011, having been transmitted to creditors and equity security holders, and it having been determined after hearing on notice that the requirements for Confirmation set forth in 11 U.S.C. 1129(a) and (b) have been satisfied, it is

**ORDERED**

1. The Debtor's Plan of Reorganization dated February 4, 2011, is confirmed. A copy of the Confirmed Plan is attached.

2. The Plan is amended as follows:

    a. With respect to Class 2, the Plan is amended to provide as follows:
    This class consists of the secured claim of BAC HOME LOANS SERVICING, LP on 338 Van Gogh, Jacksonville FL 32204 by virtue of a first mortgage recorded in the Public Records of Duval County FL at OR Book 12412 Page 1662. The Debtor will value this property at the replacement value of $125,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 5.25%, in equal monthly installments over a period of 360 months from the effective date of the Plan or the date the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the

Page **1** of **6**

principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The P&I payment will be $690.25, together with taxes and insurance of $283.00, for a total monthly payment of approximately $973.25.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtor in Possession.

    b. With respect to Class 3, the Plan is amended to provide as follows:
This class consists of the secured claim of AURORA LOAN SERVICES, LLC on 11805 Gulf Shores Court, Jacksonville FL 32219 by virtue of a first mortgage recorded in the Public Records of Duval County FL at OR Book 13493 Page 1700. The Debtor will value this property at the replacement value of $96,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 5.25%, in equal monthly installments over a period of 480 months from the effective date of the Plan or the date the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The P&I payment will be $478.93, together with taxes and insurance of $277.00, for a total monthly payment of approximately $755.93.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession.

3. The payments to each creditor are set forth on the attached Exhibit "A".

4. The Debtor shall timely pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously file with the Court the appropriate financial report indicating the cash disbursements for the relevant period.

5. The Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. Section 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5).

6. The Debtor shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee. These reports shall include any disbursements made from the sale or refinance of any real property. The Debtor

shall also attach to the quarterly report copies of all refinancing and/or sale closing documents for any property sold during the applicable period.

7. The Debtor(s) shall file a notice of filing tax return on the docket of this Chapter 11 case together with a copy of the (redacted) tax return tending to show whether any monies the Debtor receives as a return from overpayment of taxes to the IRS should be computed as disposable monthly income payable to unsecured creditors.

8. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect. This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(i).

9. Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such a creditor's interest in the estate's interest in such property. Except as modified by the Plan or this Order, all terms of the loan documents shall remain in full force and effect.

10. Confirmation of the Plan does not revest the property of the estate in the Debtor. Property of the estate shall revest in the Debtor only upon Discharge of the case.

11. The Court reserves jurisdiction to enforce the payment schedule to secured mortgage creditors as set forth in the Plan.

12. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

13. Confirmation of the individual Debtor's Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in Section1141(d)(5) of the Bankruptcy Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except provided in Fed. R. Bankr. P. 4007(c).

14. The Court may, however, upon Motion and hearing, at its discretion administratively close the case without entry of a discharge, until the plan payments have been made. Upon completion of all payments under the Plan or as otherwise available to the Debtor under Section 1141(d)(5)(B) of the Code, the Debtor intends to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

15. The Debtor(s) is/are not entitled to a discharge in this case until completion of all payments under the Plan. To the extent that the case is dismissed or converted to one under Chapter 7, then the creditors' liens shall be restored to pre-petition status and amount, with credit for any post petition payments received (as applied under the pre-petition contractual status).

16. Within ten (10) days from the date of entry of this Order, the Debtor-In-Possession shall transmit a copy of this Order and a copy of this Plan to all creditors and parties in interest.

Dated this ___3___ day of February, 2012 at Jacksonville, Florida

_____
PAUL M. GLENN
United States Bankruptcy Judge

Copies to:
Taylor J. King, Debtor's Counsel
U.S. Trustee
All interested parties

In Re Ali Payment Schedule
3:10-bk-647-PMG
All Payments to commence within 20 days of effective date of Plan

| Class | Creditor | Property | Monthly Payment Amount/Schedule |
|---|---|---|---|
| 1 | Priority Tax | $0.00 | $0.00 |
| 2 | BAC Home Loans Servicing<br>7105 Corporate Drive, PTX-B-209<br>Plano, TX 75024<br>Acct#*********1950 | 338 Van Gogh Circle, Ponte Vedra, FL 32081 | $973.25 per month for months 1-360 (P&I of $690.25 based on value of $125,000 over 360 months with 5.25% interest; taxes of $183 and insurance of $100) |
| 3 | Aurora Loan Services, LLC<br>Attn: Cashiering<br>P.O. Box 173930<br>Littleton, CO 80217-3930<br>Acct#*********7307 | 11805 Gulf Shores Court, Ponte Vedra, FL 32219 | $755.93 per month for months 1-480 (P&I of $478.93 based on value of $96,000 over 480 months with 5.25% interest; taxes of $177 and insurance of $100) |
| 4 | Bank of America Mortgage<br>PO Box 650064<br>Dallas TX 75265-0064<br>Acct#*********0362 | 432 Monet Avenue<br>Ponte Vedra Ave., FL 32081 | $1,027.03 per month for months 1-360 (P&I of $760.03 based on value of $150,000 over 360 months with 4.5% interest; taxes and insurance of $267.00) |
| 5 | Duval County Tax Collector<br>c/o Steven E. Rohan<br>Deputy General Counsel<br>117 W. Duval Street, 480 City Hall<br>Jacksonville FL 32202 | 11805 Gulf Shores Court, Ponte Vedra, FL 32219 | $125.95 per month for months 1-60 ($4,959.82 over 60 months with 18% interest) |
| 6 | General Unsecured Claims | | Paid out of disposable income for a period of 60 months estimated to be $125 per month ($375 paid quarterly) |

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:    FEROZE ALI
          SHABANA SHAHEENEEN ALI
                                      CASE NO.: 3:10-bk-00647-PMG
                    Debtors
_____/

PLAN OF REORGANIZATION

Dated February 4, 2011

                      Taylor J. King
                      Law Offices of Mickler & Mickler
                      Attorneys for Debtor-in-Possession
                      5452 Arlington Expressway
                      Jacksonville, FL 32211
                      (904) 725-0822
                      Florida Bar No. 72049
                      tjking@planlaw.com

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtors from future income of the Debtors derived from rental income generated from the real properties owned by the Debtor.

This Plan provides for 4 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.14 cents on the dollar. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Class 1.** Priority Tax Claims

Except to the extent that a holder of an allowed priority tax claim agrees to a different treatment, each allowed priority tax claim shall be paid in full, in cash, in equal quarterly installments over a term not to exceed 5 years from the date of order for relief in this case, together with interest at the rate of 4%. Such payments shall commence on the later of the Effective Date of the Plan or the date on which such claim is allowed. The Debtors reserve the option to prepay all or a portion of such debt at any time.

**2.02 Class 2.** First Mortgage of Bac Home Loans Servicing on 338 Van Gogh Circle, Ponte Vedra, FL 32081

This Class consists of the Secured Claim of Bac Home Loans Servicing on 338 Van Gogh Circle, Ponte Vedra, FL 32081 by virtue of a first mortgage recorded in the Public Records of St. Johns County, FL at OR Book 2468 Page 217. The Debtors will value this property at the replacement value of $115,000.00. The Debtors will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of St. Johns County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The P&I payment will be $582.69, together with taxes and insurance of $283.00, for a total monthly payment of approximately $865.69.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtors in Possession.

**2.03 Class 3**. First Mortgage of Aurora Loan Services on 11805 Gulf Shores Court, Jacksonville, FL 32219

This Class consists of the Secured Claim of Aurora Loan Services on 11805 Gulf Shores Court, Jacksonville, FL 32219 by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 13493, Page 1700. The Debtors will value this property at the replacement value of $89,000.00. The Debtors will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the

foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The P&I payment will be $450.93, together with taxes and insurance of $277.00, for a total monthly payment of approximately $727.93.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtors in Possession.

**2.04 Class 4.** First Mortgage of Bank of America on 432 Monet Avenue, Ponte Vedra, FL 32081

This Class consists of the Secured Claim of Bank of America N.A. on 432 Monet Avenue, Ponte Vedra, FL 32081, by virtue of a first mortgage recorded in the Public Records of St. Johns County, FL at OR Book 2726 Page 1708. The Debtors will value this property at the replacement value of $150,000.00. The Debtors will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of St. Johns County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. The P&I payment will be $760.03, together with taxes and insurance of $267.00, for a total monthly payment of approximately $1,027.03.

Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien encumbering real property of the Debtors in Possession.

**2.05 Class 5.** Secured Claim of Duval County Tax Collector

This Class consists of the Secured Claims of Duval County Tax Collector in the Debtor in

Possession's Real Property, held by virtue of statutory liens. The Debtors shall pay the secured claim in full, with interest of 18%, over a period not to exceed 60 months from the date of Confirmation.

Class 5 is impaired by the Plan. The holder of any allowed amount of Class 5 claim is entitled to vote to accept or reject the Plan. This creditor shall retain any lien under the terms of this Plan.

**2.6 Class 6** All unsecured claims (including wholly unsecured second mortgage claims) allowed under § 502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtors shall pay all projected disposable income for a period of 60 months to the holder of each unsecured claim in equal pro rata quarterly installments on the later of the effective date of the Plan or the date on which the unsecured claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtors sell or refinance any real property and receive a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. Based upon current projections, the Debtors' monthly disposable income is estimated to be $125.00 per month.

Class 6 is impaired by the Plan. The holder of any allowed amount of Class 6 claim is entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash,

or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1. Priority Tax Claims

Impaired- to be paid in equal quarterly installments, with interest of 6%, over a period of time less than 60 months from date of the Order for Relief in this case.

Class 2 - First Mortgage of Bac Home Loans Servicing on 338 Van Gogh Circle, Ponte Vedra, FL 32081

Impaired - to be valued at replacement value, together with interest of 4.5%

Class 3 - First Mortgage of Aurora Loan Services, L.P. on 11805 Gulf Shores Court, Jacksonville, FL 32219

Impaired - to be valued at replacement value, together with interest of 4.5%

Class 4 - First Mortgage of Bank of America, N.A. on 432 Monet Avenue, Ponte Vedra, FL 32081

Impaired - to be valued at replacement value, together with interest of 4.5%

Class 5 – Secured Claim of Duval County Tax Collector

Impaired – to be paid in full over 60 months, together with 18% interest.

Class 6 - General Unsecured Claims

6

Impaired - to be paid out of all disposable income over a period of 60 months.

## ARTICLE V

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

    1.    Any leases between debtors and tenants existing on the date of confirmation.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

### GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE VIII

## DISCHARGE

8.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX

## OTHER PROVISIONS

Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

Dated this 4 day of February, 2011.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this 4 day of February, 2011.

Law Offices of Mickler & Mickler

By: _____
Taylor J. King
Florida Bar No. 72049
Attorney for Debtors in Possession
5452 Arlington Expressway
Jacksonville, Florida 32211
904.725.0822/ FAX: 725.0855
tjking@planlaw.com